**PROGRESSIVE FURNITURE CO., Inc. v. STONEVILLE FURNITURE CO., Inc.**

No. 6343.

United States Court of Appeals Fourth Circuit.

Argued Nov. 15, 1951.

Decided Dec. 5, 1951.

Coleman Gangel, New York City (C. W. Higgins, J. Erle McMichael, Winston, Salem, N. C., and George R. Spitz, New York City, on brief), for appellant.

Sydney D. Robins, New York City (Glidewell & Glidewell, Reidsville, N. C., and Jacob Goodman, New York City, on brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and CHESNUT, District Judge.

DOBIE, Circuit Judge.

Appellant instituted suit in the United States District Court for the Middle District of North Carolina to recover damages from appellee for an alleged breach of contract. The agreement out of which this dispute arose was entered into on January 11, 1944, by the terms of which appellee undertook to sell appellant 40% of its entire output of furniture for a period commencing December 23, 1943, and "terminating three months after the termination of the present war with Germany." The parties attempted to spell out in detail those events which should fix the duration of their agreement in the following language: "For the purposes of this agreement, the term 'duration of the war' is intended to mean the period until an armistice is signed with Germany or hostilities by the United States against Germany shall officially cease, and by the term 'termination of the war' is meant the time when an armistice is signed with Germany or when hostilities by the United States against Germany shall officially cease."

The contract further provided that its provisions should be interpreted according to the laws of New York.

Appellant contends that since no armistice was signed with Germany by the United States, the contract did not terminate until ninety days after the presidential order of December 31, 1946, Proclamation No. 2714, which marked the formal cessation of hostilities in Europe. See 12 Fed. Reg. 1, Jan. 1, 1947, 50 U.S.C.A.Appendix, § 601. Appellant, therefore, claims damages for appellee's failure to deliver the agreed percentage of its output between August 8, 1945, and March 31, 1947.

Appellee, on the other hand, contends that appellant's complaint does not state a cause of action, since the agreement ended ninety days after the proclamation of May 8, 1945, which declared that Germany had surrendered unconditionally to the Allied powers.

At a pre-trial conference, the District Judge found that the unconditional surrender of Germany was tantamount to an "armistice" within the contemplation of the parties and that, therefore, the contract terminated on August 8, 1945. It is from this decision that appellant has appealed to us.

The narrow question here presented is whether the parties intended that unconditional surrender should be the event fixing the duration of their agreement.

■ In the interpretation of any contract, the intent of the parties should always govern. We think, as did the District

Court, the correspondence between the parties just prior to and after the surrender of Germany most helpful in discerning their intent. In a letter dated April 30, 1945, addressed to appellee, appellant had this to say: "We received another complaint from the Bakers Furniture Co. in Asbury Park, N. J. and feel that you shouldn't be so difficult as the war is almost over and you'll get rid of me very soon."

On May 21, 1945, appellee, in returning certain orders to appellant, wrote as follows: "We find that we have sufficient orders on hand from you to take care of the amount you will be entitled to receive until the termination of our contract."

And on the same day, appellant wrote appellee in this rather heated manner:

"I can assure you that I will not let you get away with even a $5.00 bill that you will owe me. Before the 90 days are over I will have a lawyer and accountant up to your office to check your books.

"Due to the fact that our contract is almost over, instead of winding up matters in the proper manner, you and your manager are starting to get spring fever."

From this correspondence, it is quite evident that the parties themselves thought the contract would be fulfilled, three months after Germany surrendered.

We cannot agree with appellant's contention that these letters may not be considered in interpreting the contract before us. The New York Courts have held that documents, discussions and circumstances surrounding a contract may be considered in arriving at the intent of the parties thereto. See Universal Oil Products Co. v. Shell Development Co., 196 Misc. 497, 95 N.Y.S.2d 355, affirmed 276 App.Div. 1058, 96 N.Y.S.2d 486 and cases therein cited. It appears to us quite fanciful to argue that a court should not consider the interpretation placed upon an agreement by the parties themselves.

Appellant relies heavily on the case of Malbone Garage, Inc., v. Minkin, 272 App. Div. 109, 72 N.Y.S.2d 327, affirmed 297 N. Y. 677, 76 N.E.2d 331, which held the phrase "duration of the war" as used in a lease to mean until the formal cessation of hostilities. In that case, however, there was no attempt to introduce evidence as to the interpretation placed on the lease by the parties. Indeed, the court in this language intimates that such evidence is admissible, at page 72 N.Y.S.2d page 330: "No evidence was offered on trial as to negotiations or discussions which would shed light on the meaning which the parties intended, and we must determine the question on consideration of the instrument itself, the evidence adduced as to the circumstances surrounding its execution and the purposes which the parties sought to accomplish."

We do not feel that any discussion of the distinction between an armistice and unconditional surrender is necessary here. In substance what was intended, was a fixing of a termination date for this contract by the capitulation of Germany, be that capitulation by armistice or unconditional surrender. As was said by the District Judge: "It stretches the imagination unduly to think business men dealing in furniture would see fit to terminate a contract for the sale of furniture on the termination of war by armistice and not do it upon the complete surrender of the enemy. Complete surrender included all that an armistice embraces and in this instance marks the termination date in the same manner as an armistice. These parties themselves placed the same interpretation on it."

It seems to us unrealistic to think that two furniture concerns were mindful of technical distinctions of international law, when these distinctions are devoid of economic consequence.

In view of the clearly expressed intent of the parties, we feel that the decision of the District Court must be affirmed.

Affirmed.